UNITED STATES of America

v.

David V. MENDOZA, Aviation Electronics Technician Third Class (E–4), U.S. Navy.

NMCCA 200602353.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 24 May 2006.

31 Oct. 2007.

For Appellant: Maj Michael Miller, USMCR.

For Appellee: Capt Geoffrey Shows, USMC.

Before GEISER, Senior Judge, KELLY, and COUCH, Appellate Military Judges.

## PUBLISHED OPINION OF THE COURT

GEISER, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of wrongfully uttering 39 checks without sufficient funds, in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a. On 24 May 2006, the

appellant was sentenced to a bad-conduct discharge, confinement for 90 days, and reduction to pay grade E–1.

On 16 October 2006, the convening authority took action stating in relevant part:

> only such of the sentence as provides for reduction to the grade of pay grade E–1, confinement for 90 days, is approved and except for the part of the sentence extending to a bad conduct discharge, will be executed.[1]

Special Court–Martial Order No. 1–06 of 16 October 2006.

On 20 March 2007, a prior panel of this court set aside the ambiguous convening authority's action and returned the record for proper post-trial processing in accordance with RULE FOR COURTS-MARTIAL 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.). *United States v. Mendoza*, No. 200602353, unpublished op. (N.M.Ct.Crim. App. 20 March 2007)(per curiam). A new convening authority's action was promulgated on 29 May 2007. On 18 July 2007, appellate defense counsel advised this court that the appellant did not intend to file any additional assignments of error.[2] This court subsequently specified the following issue to appellate counsel:

> WHETHER, UNDER THE CIRCUMSTANCES OF THE CASE, A NEW STAFF JUDGE ADVOCATE'S RECOMMENDATION, WITH SERVICE IN COMPLIANCE WITH RULE FOR COURTS-MARTIAL 1106(f), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.), WAS REQUIRED PRIOR TO ISSUANCE OF THE NEW CONVENING AUTHORITY'S ACTION DTD 29 MAY 2007.

Citing primarily to this court's recent unpublished opinion in *United States v. Lawhorn*, No. 200600128, 2007 WL 1774485, 2007 CCA LEXIS 195 (N.M.Ct.Crim.App. 20 June 2007), the appellant now argues that this court should establish a *per se* rule that any time there is a new convening authority's action, a new staff judge advocate's or legal officer's recommendation (SJAR/LOR) should be drafted and that the appellant should be given an *opportunity* to submit new clemency matters for the convening authority's consideration. Appellant's Brief on Specified Issue of 12 Sep 2007 at 6.

The Government correctly notes that *Lawhorn* did not establish a *per se* rule that every new convening authority's action requires the issuance of a new SJAR/LOR and a new opportunity for the appellant to submit clemency matters. While this court found that the failure to issue a new SJAR/LOR in *Lawhorn* was error, the Government correctly notes that *Lawhorn* involved two convening authority's actions separated by a period of over three and one-half years, whereas the actions in the instant case are separated by only eight months. Moreover, the Government notes that the appellant failed to indicate what, if any, additional information he would have provided to the convening authority if given the opportunity.

■ Having carefully considered the record of trial and the arguments of counsel, we decline to accept the appellant's invitation to establish a *per se* rule requiring the issuance of a new SJAR/LOR and provision of a new opportunity for the appellant to submit matters in clemency whenever a new convening authority's action is issued. Consistent with *Lawhorn*, we conclude that the passage of time and the particular post-trial circumstances of an appellant may in some cases, create a presumption of staleness requiring a new SJAR/LOR and a new opportunity to submit clemency matters.

■ The passage of time, standing alone, will not raise a presumption of staleness. To raise the presumption, the appellant must submit some evidence of his changed circumstances and assert what, if any, material he would have provided to the

---

1. Staff judge advocates and command service attorneys are strongly cautioned to carefully review the wording of each convening authority's action to ensure the intent of the convening authority is clearly conveyed. In this case, an obvious ambiguity has already led to an additional eight months processing time as well as unnecessary work for the entire post-trial review chain.

2. The appellate defense counsel originally submitted this case without specific assignments of error on 16 January 2007.

convening authority if given a new opportunity. As a related practice note, we also urge staff judge advocates and convening authorities to carefully consider whether the passage of time *could have* affected the appellant's circumstances such that a failure to issue a new SJAR/LOR and provide the appellant a new opportunity to present clemency matters would "undermine the purpose of R.C.M. 1106." *Lawhorn,* 2007 WL 1774485 at*4–5, 2007 CCA LEXIS 195 at *12. In such cases, the issuance of a new SJAR/LOR and provision of an opportunity to submit additional clemency matters may be a prudent course of action.

▮ In the instant case, we find that the appellant has relied on the passage of time alone, and has not provided any evidence regarding his changed circumstances to support a presumption that the original 4 October 2006 LOR was stale. We, therefore, find that it was not error to issue a new 29 May 2007 convening authority's action in reliance on an 8–month–old LOR. Even assuming, *arguendo,* that the failure to obtain a new SJAR/LOR was error, we find that any such error was harmless beyond a reasonable doubt. There is no evidence, or even an assertion by the appellant, that he was unable to present the convening authority with particular matters in clemency, or was prejudiced in any other way by the passage of time.

## Conclusion

The findings and the approved sentence are affirmed.

Judge KELLY and Judge COUCH concur.