UNITED STATES, Appellee

v.

David V. MENDOZA, Aviation Electronics Technician Third Class
U.S. Navy, Appellant

No. 08-0246

Crim. App. No. 200602353

United States Court of Appeals for the Armed Forces

Argued September 24, 2008

Decided October 28, 2008

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.


Counsel


For Appellant:  Lieutenant Kathleen L. Kadlec, JAGC, USN
(argued).


For Appellee:  Captain Geoffrey S. Shows, USMC (argued);
Commander Paul LeBlanc, JAGC, USN (on brief).


Military Judge:  Salvador A. Dominguez


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether a convening authority may take a new action on remand without receiving a new staff judge advocate's/legal officer's recommendation (SJAR/LOR) and affording the accused an opportunity to present additional matters under Rule for Courts-Martial (R.C.M.) 1105. We hold that a new action requires a new SJAR/LOR under R.C.M. 1106 and the opportunity for the accused to submit additional matters under R.C.M. 1105.[1]

## I.  Facts

In exchange for the convening authority's agreement to cap his sentence, Appellant pled guilty to one specification of unlawfully uttering thirty-nine checks, knowing that the funds in his account were insufficient to pay the checks.  Article 123a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 923a (2000).  The military judge sentenced Appellant to a bad-conduct discharge, confinement for ninety days, and reduction to the lowest enlisted grade.  In his clemency submission, Appellant asked the convening authority to disapprove the bad-conduct discharge.  The convening authority's action, dated October 16, 2006, stated, in pertinent part, "only such of the sentence as

---

[1] In light of our decision, Appellant's motions to grant review of a supplemental issue and to attach documents are denied as moot.

provides for reduction to the grade of pay grade E-1, confinement for 90 days, is approved and except for the part of the sentence extending to a bad conduct discharge, will be executed."

The United States Navy-Marine Corps Court of Criminal Appeals (CCA) concluded that the language set out above was "ambiguous and not susceptible to interpretation," set aside the convening authority's action, and returned the case "to the Judge Advocate General of the Navy for submission to an appropriate convening authority for proper post-trial processing in accordance with Rule for Courts-Martial 1107." United States v. Mendoza (Mendoza I), No. 200602353, slip op. at 1-2 (N-M. Ct. Crim. App. Mar. 20, 2007) (per curiam).

On May 29, 2007, a successor in command took a new action that stated, in pertinent part, "the sentence is approved and, except for that part of the sentence extending to a bad-conduct discharge, will be executed." There is no evidence that the new convening authority consulted with his predecessor to divine the intent of the original action. A new staff judge advocate's or legal officer's recommendation (SJAR/LOR) was not prepared, and there is no evidence that the defense was afforded an opportunity to present the new convening authority with any additional clemency matters.

When the case was returned to the CCA, Appellant notified the court that he did not intend to file any additional assignments of error. United States v. Mendoza (Mendoza II), 65 M.J. 824, 825 (N-M. Ct. Crim. App. 2007). Nevertheless, the CCA specified the issue currently before this Court. Id. The CCA declined Appellant's invitation to establish a per se rule that would require a new SJAR/LOR and clemency submission whenever there is a new action by the convening authority. Id. Consistent with its unpublished opinion in United States v. Lawhorn, No. 200600128, 2007 CCA LEXIS 195, at *12 n.3, 2007 WL 1774485, at *4 n.3 (N-M. Ct. Crim. App. June 20, 2007), the CCA concluded that "the passage of time and the particular post-trial circumstances of an appellant may in some cases, create a presumption of staleness requiring a new SJAR/LOR and a new opportunity to submit clemency matters." Mendoza II, 65 M.J. at 825. In this particular case, however, according to the CCA, Appellant failed to provide evidence of changed circumstances, and the passage of time alone was not sufficient to support a presumption that the original SJAR/LOR was stale. Id. at 826. The CCA concluded that it was not error to issue the new action without a new SJAR/LOR, and even if it was error, it was harmless beyond a reasonable doubt. Id.

4

## II.  Discussion

When the action of a convening authority is "incomplete, ambiguous, or contains clerical error," a Court of Criminal Appeals may "instruct[]" the convening authority who took the action "to withdraw the original action and substitute a corrected action," R.C.M. 1107(g), and the convening authority shall "modify" the action accordingly.  R.C.M. 1107(f)(2).  If the original convening authority has been replaced by a successor, there must be some evidence that the successor convening authority communicated with the original convening authority and that the corrected action reflects the original convening authority's intent.  United States v. Lower, 10 M.J. 263, 265 (C.M.A. 1981).  Alternatively, the successor convening authority may issue a new action after receiving a new SJAR/LOR that was served on the defense, providing the accused a new opportunity to submit clemency matters.  United States v. Gosser, 64 M.J. 93, 96-97 (C.A.A.F. 2006) (per curiam).

In Mendoza I, however, the CCA did not instruct the convening authority to withdraw the original ambiguous action and substitute a corrected action.  Instead, it set aside the action and directed return of the record "to the Judge Advocate General of the Navy for submission to an appropriate convening authority for proper post-trial processing in accordance with Rule for Courts-Martial 1107."  This ruling perforce required

the convening authority to take a new, as opposed to a corrected, action.

Before taking action on a case, the convening authority "shall consider," among other things, the SJAR/LOR under R.C.M. 1106 and any matters submitted by the accused under R.C.M. 1105. R.C.M. 1107(b)(3)(A)(ii), (iii); see Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2) (2000).  We find no basis for the CCA's holding that a new SJAR/LOR is required only when the existing one is stale or when the accused shows changed circumstances.  A new, as opposed to a corrected, action requires a new SJAR/LOR under R.C.M. 1106 and the opportunity for the accused to submit additional matters under R.C.M. 1105.[2]

### III.  Disposition

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed.  The record is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals to determine whether Appellant was prejudiced by the successor convening authority's acting without the benefit of a new SJAR/LOR and without affording Appellant an opportunity to provide additional matters under R.C.M. 1105.

---

[2] In Mendoza II, Appellant did not attempt to show prejudice before the CCA as a consequence of errors in post-trial review. Instead, he filed a motion to attach documents with this Court, alleging such prejudice.  Such claims must be raised before the CCA.  United States v. Wheelus, 49 M.J. 283, 288-89 (C.A.A.F. 1998).