No.11–0559/NA.  U.S. v. Jordan J. Escochea–Sanchez.  CCA 201000093.  On further consideration of the granted issue (70 M.J. 347), we note that this issue was not raised before the United States Navy–Marine Corps Court of Criminal Appeals during its Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2006), review.  Accordingly, it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for further appellate inquiry and consideration of the granted issue.  Thereafter, Article 67, UCMJ, shall apply.

No. 12–0395/AR.  U.S. v. Robert W. Medeiros.  CCA 20081092.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, we conclude that Appellant was denied his Sixth Amendment right to conflict–free counsel in his post–trial representation.  Accordingly, it is ordered that said petition is hereby granted on the following issue:

> WHETHER APPELLANT'S TRIAL DEFENSE COUNSEL'S CONFLICT OF INTEREST, STEMMING FROM A POST–TRIAL INEFFECTIVE ASSISTANCE OF COUNSEL ALLEGATION, ADVERSELY AFFECTED THAT SAME TRIAL DEFENSE COUNSEL'S CONTINUING REPRE-SENTATION OF APPELLANT.

The decision of the United States Army Court of Criminal Appeals is reversed, and the convening authority's action is set aside.  The record of trial is returned to the Judge Advocate General of the Army for submission to an appropriate convening authority for a new recommendation and action.  See United States v. Mendoza, 67 M.J. 53 (C.A.A.F. 2008).  Thereafter, Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 867 (2006), shall apply.  [See also ORDERS GRANT-ING PETITION FOR REVIEW this date.]

No. 12–0413/AR.  U.S. v. David J. Watson, Jr.  CCA 20100930. On consideration of the petition for grant of review of the decision of the United States Army Court of