# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman JOSE H. GALLEGOS
### United States Air Force

### ACM 38738

### 31 March 2016

Sentence adjudged 5 September 2014 by GCM convened at Ellsworth Air Force Base, South Dakota. Military Judge: Lyndell M. Powell.

Approved Sentence: Bad-conduct discharge, confinement for 14 days, and reduction to E-2.

Appellate Counsel for Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

Contrary to his plea at a general court-martial, Appellant was convicted by a panel of officer and enlisted members of one specification of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920. Appellant was acquitted of a second specification of abusive sexual contact, along with two specifications of sexual assault by causing bodily harm. All of the specifications alleged against Appellant related to his actions with a civilian friend one evening in his dormitory room.

Appellant was sentenced to a bad-conduct discharge, 14 days of confinement, and reduction to E-2.  The convening authority approved the sentence as adjudged.

On appeal, Appellant alleges three assignments of error, one of which argues the evidence is legally and factually insufficient to support his conviction.  Appellant claims the findings adjudged by the court members were "illogical" as they acquitted him of other sexual acts occurring the same evening.  Appellant specifically notes that the sexual contact resulting in his only conviction occurred almost simultaneously with the conduct in which the court members returned a not guilty verdict.

On 17 February 2016, this court specified an issue related to an erroneous statement in the staff judge advocate's recommendation (SJAR).  The Government, in conjunction with its brief, requested this court consider an affidavit from the deputy staff judge advocate (DSJA) to the general court-martial convening authority (GCMCA).  We now grant the Government's request to attach this affidavit to the record of proceedings.

After reviewing briefs from both parties on the specified issue and considering the Government's affidavit, we find plain error and order new post-trial processing.

*Staff Judge Advocate's Recommendation*

Proper completion of post-trial processing is a question of law, which we review de novo.  *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).  Failure to timely comment on matters in the SJAR, to include matters attached to it, waives the issue unless there is plain error.  Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005).  Under a plain error analysis, the appellant bears the burden of showing:  (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of the appellant.  *Kho*, 54 M.J. at 65.  Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice."  *Scalo*, 60 at 436–37.

After authentication of the record of trial, the GCMCA staff judge advocate (SJA) prepared his recommendation, noting the primary evidence against Appellant in this litigated case consisted, in part, of "the accused's interviews with law enforcement."  The Government concedes this statement is erroneous as no such evidence was offered at trial, but argues Appellant suffered no material prejudice.  In so claiming, the Government cites to the affidavit of the DSJA, who opined that accurate information about the evidence supporting Appellant's sole conviction would not have changed the SJA's recommendation to the convening authority.

The Government's argument misses the mark.  The SJAR is written for the benefit of the convening authority, so the pertinent question is whether the error had any

potential impact on the clemency decision by the GCMCA—a decision Appellant correctly notes was rendered the same day that his fairly substantial clemency package was forwarded by the SJA.

Based on our review of the record of trial, we believe Appellant has made the "low" showing of possible prejudice needed to gain a new round of post-trial processing. *Id.* at 437. We are cognizant, in making this determination, that the convening authority remains an appellant's best opportunity for post-trial relief. *See United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998). In this case, Appellant submitted a substantial clemency package, referencing portions of the record of trial to attack his conviction and sentence. The SJA's incorrect inference that the conviction was somehow supported by Appellant's own statements to investigators provided a strong rebuttal to Appellant's position. As we presume in this case that the GCMCA conscientiously reviewed all matters required by Article 60, UCMJ, 10 U.S.C. § 860, including the SJAR, we cannot say the SJA's erroneous statement about the nature of the evidence admitted against Appellant was harmless to his cause during clemency.

*Conclusion*

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. A new SJAR will be issued, and Appellant will be afforded an opportunity to respond prior to action by the convening authority. *See United States v. Mendoza*, 67 M.J. 53, 54–55 (C.A.A.F. 2008) (noting that when a court of criminal appeals sets aside the convening authority's action, a new SJAR and opportunity to respond are required). Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, shall apply.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

3                                                           ACM 38738