# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class TYLER W. CROWELL
### United States Air Force

## ACM S32267 (rem)

## 19 April 2016

Sentence adjudged 4 September 2014 by SPCM convened at Royal Air Force Mildenhall, United Kingdom. Military Judge: Christopher F. Leavey (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $1,021.00 pay per month for 6 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel Nurit Anderson; Lieutenant Colonel Jennifer A. Porter; and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and HECKER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, consistent with his pleas, of larceny, assault consummated by a battery, and stealing mail matter, in violation of Articles 121, 128, 134, UCMJ, 10 U.S.C. §§ 921, 928, 934. The court sentenced Appellant to a bad-conduct discharge, confinement for 6 months, forfeiture of $1,279.00 pay per month for 6 months, and reduction to E-1. The convening

authority lowered the forfeiture amount to $1,021.00 and approved the remainder of the sentence as adjudged.

On his initial appeal to this court, Appellant contended the trial counsel introduced inadmissible uncharged misconduct during sentencing and made an improper sentencing argument. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.MA. 1982), Appellant also argued his sentence is inappropriately severe when compared to a closely related case. We disagreed and affirmed, while also ordering withdrawal of the original convening authority action and that a new action be issued to correct a clerical error. *United States v. Crowell*, ACM S32267 (A.F. Ct. Crim. App. 21 October 2015) (unpub. op.).

On 2 November 2015, the convening authority completed a new action and subsequently a new court-martial order was issued. The case was re-docketed with this court on 12 January 2016.

*Corrected Action*

Appellant was sentenced on 4 September 2014 to a sentence that included forfeitures of $1,279 pay per month for 6 months, a bad-conduct discharge, 6 months of confinement, and reduction to E-1. On 15 September 2014, Appellant, through counsel, requested a deferment of the adjudged forfeitures until action was taken in the case, instead of having them take effect 14 days after the sentence was announced. *See* Article 57(a)(1), UCMJ, 10 U.S.C. § 857(a)(1). The trial defense counsel noted that Appellant's adjudged reduction in rank would be effective 14 days after his court-martial and that pursuant to Rule for Courts-Martial (R.C.M.) 1003(b)(2), the two-thirds forfeiture is calculated based on the reduced rank. Because the adjudged forfeitures of $1,279 pay exceeded the maximum forfeitures allowed for an E-1, the trial defense counsel asked for those adjudged forfeitures to be deferred until action. According to the trial defense counsel, this would prevent Appellant from losing pay in excess of what was allowed at his special court-martial.[1]

The convening authority, Colonel KB, approved the request on 17 September 2014, directing that the adjudged forfeitures be deferred until action. When he took action on 6 October 2014, however, Colonel KB failed to reflect his approval of that request in his action as required. *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.29.1.3 (6 June 2013). We therefore ordered withdrawal of the original action and that a new action be issued to correct the clerical error regarding the deferment of adjudged forfeitures. *See* AFI 51-201, ¶ 9.29.1.3 and Figure 9.12 (6 June 2013); *United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008).

---

[1] At the 14-day point, the mandatory forfeitures of two-thirds pay at the E-1 rate would begin. *See* Air Force Instruction 51-201, *Administration of Military Justice*, 51-201, ¶ 9.27 (6 June 2013).

The corrected action was taken on 2 November 2015 by Colonel TT, the current special court-martial convening authority for Appellant's unit. Appellant contends that this corrected action is deficient because the record does not show that Colonel TT consulted with the prior convening authority before taking action in the case.

Whether proper completion of post-trial processing occurred is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). If an action is found to be "illegal, erroneous, incomplete, or ambiguous" during the review of the record of trial under Article 66, UCMJ, 10 U.S.C. § 866, the convening authority can modify the action "[w]hen so directed by a higher reviewing authority or the Judge Advocate General." R.C.M. 1107(f)(2); *see also* R.C.M. 1107(g) (stating the convening authority "may be instructed by an authority acting under Article 64, 66, 67, or 69 to withdraw the original action and substitute a corrected action" when it is "incomplete, ambiguous, or contains clerical error").

The original action in this case was incomplete in that it did not include language reflecting the previously-approved deferral. In this circumstance, a court can direct the convening authority to correct this error by withdrawing the erroneous action and substituting a corrected action that contained the deferral language, and also order the promulgation of a new promulgating order containing the revised action language. R.C.M. 1107(f)(2), (g); R.C.M. 1114(b)(2); AFI 51-201, ¶ 10.10.2.

Here, the second action was issued as a substitute for the original action, solely to correct a clerical error contained in it. Such a correction does not constitute a new action decision in the case. Therefore, even when the substitute action is signed by a convening authority who is a successor in command, no new post-trial recommendation is required and there is no requirement that the successor convening authority review the clemency submission prior to substituting a corrected action.[2] This is especially true where the correction simply required the insertion of deferral language already documented in a prior memorandum signed by a convening authority.

*Delay in Post-trial Processing*

Appellant asserts that this court should grant him meaningful relief in light of the 71 days that elapsed between the convening authority's corrected action and docketing with

---

[2] In contrast, if the original action had been remanded due to an ambiguity about the intent of the original convening authority and that convening authority has been replaced by a successor, then there must be some evidence that the successor convening authority communicated with the original convening authority and that the corrected action reflects the original convening authority's intent. *United States v. Lower*, 10 M.J. 263, 265 (C.M.A. 1981). Alternatively, in that circumstance, the successor convening authority may issue a new action after receiving a new staff judge advocate's recommendation and after the accused has a new opportunity to submit clemency matters. *United States v. Gosser*, 64 M.J. 93, 96–97 (C.A.A.F. 2006) (per curiam); *United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008).

this court. Under *United States v. Moreno*, courts apply a presumption of unreasonable delay "where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." 63 M.J. 129, 142 (C.A.A.F. 2006). Appellant does not assert any prejudice, and we find none. When there is no showing of prejudice under the fourth *Barker v. Wingo*, 407 U.S. 514, 530 (1972), factor,[3] "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in the initial processing of this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are also convinced that any error is harmless beyond a reasonable doubt.

Although Appellant does not assert any prejudice, he argues that the court should nonetheless grant relief under *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). This court set out a non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief in *United States v. Bischoff*, 74 M.J. 664, 672 (A.F. Ct. Crim. App. 2015). *See also United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015) (articulating factors specifically tailored to answer the question of whether *Tardif* relief is appropriate). The factors include the length and reasons for the delay, the length and complexity of the record, the offenses involved, and evidence of bad faith or gross negligence in the post-trial process. *Bischoff*, 74 M.J. at 672.

Appellant has not asserted any additional factors that merit consideration in this case. The length of the delay exceeded the standard by 41 days. The convening authority signed the corrected action 12 days after this court issued its original decision. However, the record of trial was not returned to this court until 71 days later. The Government submitted a declaration from the staff judge advocate for the legal office to explain the reason for this delay, which largely stemmed from that office's failure to prepare the corrected court-martial order incorporating the corrected action. A proposed court-martial order was not sent to the headquarters legal office until 16 December 2015, which was already past the *Moreno* standard for forwarding the record. The declaration describes the workload of the military justice division in the legal office, as well as various manning, experience, and personnel turnover challenges that the office faced. Although the post-trial processing involving the corrected action and court-martial order in this case was not ideal, we have reviewed the entirety of the post-trial processing, including each of the steps identified by *Moreno* and the factors we analyze when considering *Tardif* relief, and do not believe such relief is warranted under the facts of this case.

---

[3] The four factors are: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *United States v. Moreno*, 63 M.J. 129, 135 (2006).

*Conclusion*

We reaffirm our previous decision and find the approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court