# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 LIBAN H. ABDIRAHMAN**
**United States Army, Appellant**

ARMY 20150216

Headquarters, Seventh Army Joint Multinational Training Command
Joshua S. Shuey, Military Judge
Lieutenant Colonel Sean T. McGarry, Staff Judge Advocate (pretrial and
recommendation)
Lieutenant Colonel Eugene Y. Kim, Staff Judge Advocate (addendum)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L.
Tregle, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain
Tara E. O'Brien, JA (on brief).

2 August 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of being absent without leave, striking a noncommissioned officer, being disrespectful to a noncommissioned officer (two specifications), violating a lawful general regulation by using Spice, assault consummated by battery (two specifications), simple assault, and disorderly conduct, in violation of Articles 86, 91, 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 892, 928, 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to be discharged with a bad-conduct discharge and to be confined for four months.

The convening authority approved the adjudged sentence.  In addition to approving the sentence, however, the convening authority awarded appellant ninety

days of confinement credit. It is the convening authority's award of sentencing credit that requires both discussion and relief in this case.

This case was referred to us for review pursuant to Article 66(b), UCMJ. Appellant raises one assignment of error. Because we find a new staff judge advocate recommendation (SJAR) and a new action are required under the assignment of error, we do not address, at this time, the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## BACKGROUND

On 1 April 2013, appellant assaulted a German woman by punching her face and assaulted a German man by head-butting him. For this misconduct, appellant was issued non-judicial punishment. *See* UCMJ, art. 15. The battalion commander initially suspended some of the punishment, but vacated the suspension when appellant conducted additional misconduct. Specifically, appellant assaulted his roommate and another soldier after finding them having sexual intercourse in his room. Appellant assaulted them by throwing a beer bottle at them and hitting them with a Swiffer mop. For this, appellant was again punished under Article 15, UCMJ.

Upon committing additional misconduct, appellant was court-martialed. The charges referred to court-martial included offenses for which appellant had already been punished under Article 15. At the court-martial, the military judge had an extensive discussion regarding *Pierce* credit. *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989). In announcing the sentence, the military judge explained:

> When arriving at the adjudged sentence in this case, I took into account the non-judicial punishment, or NJP, the accused has already received under Article 15 of the UCMJ. As a result of the NJP that was imposed by this battalion commander for the assaults that he was charged with and found guilty of in Specifications 1 and 2 of Charge V, as well as vacated due to the conduct which formed the basis for Specification 3 of Charge V, he should receive credit. If the accused had not received prior NJP for these offenses, I would have adjudged an additional three months of confinement in addition to what I just announced.

In other words, in determining the adjudged sentence, the military judge accounted for *Pierce* by reducing the adjudged sentence. The military judge did not order any other sentence credit.

2

However, the SJAR states that appellant received a four month sentence *and* that the military judge had awarded sentencing credit, stating: "Sentence Credit: 90 days of other judge ordered credit, for a total presentence credit toward post-trial confinement of 90 days." Thus the SJA erroneously advised the convening authority that the military judge had awarded sentencing credit.

In his matters submitted under Rule for Courts-Martial [R.C.M.] 1105 appellant did not raise any error.[*]

Nor was the error corrected in the addendum to the SJAR, which stated:

> I recommend that you disapprove the Soldier's request for discharge in lieu of trial by court-martial, approve the findings, the sentence and, except for the part of the sentence extending to a bad-conduct discharge, order it executed. The Soldier will be credited with 90 days of confinement against the sentence of confinement.

The convening authority's action approved the sentence and stated, "the accused will be credited with 90 days of confinement against the sentence to confinement."

By the time of the convening authority's action, appellant had been released from confinement having served the adjudged sentence of confinement. Because he served the entire adjudged sentence, appellant now alleges he served ninety days of confinement that were not authorized. The convening authority's action is silent as to whether the ninety days of confinement credit given by the convening authority was intended as an act of clemency or was given for some other reason.

## LAW AND DISCUSSION

Article 60(c)(2), UCMJ allows the convening authority to "approve, disapprove, commute, or suspend the sentence in whole in or part." In this case, the convening authority "approved" the adjudged sentence. The sentence was not commuted, suspended, or disapproved. The approval of the sentence would appear to foreclose any clemency action by the convening authority on the sentence. *See* R.C.M. 1107(f)(4) (A)("The action shall state whether the sentence adjudged by the convening authority is approved. If only part of the sentence is approved, the action shall state which parts are approved.").

---

[*] By failing to object to the SJAR, appellant forfeited the error. R.C.M. 1106(f)(7). In an exercise of our discretionary authority under Article 66(c), we notice the error notwithstanding that it does not amount to plain error.

However, in addition to approving the sentence, the convening authority also directed the appellant be given ninety days of confinement credit that was not directed by the military judge or otherwise raised by the record of trial. While R.C.M. 1107(f)(4)(F) requires the convening authority to credit an accused's sentence whenever the military judge orders credit for illegal pretrial confinement, that was not the case here. Therefore, as the sentence credit was not required by law, it would appear to be that the credit may have been intended as a clemency action. If so, the convening authority would appear to have both approved the sentence as adjudged, but also directed clemency.

Accordingly, we find the convening authority's action ambiguous. While the government–and to a lesser extent, the defense–appear to assume that the convening authority's action was premised on the SJA's faulty advice, we cannot be sure. Here, the convening authority appears to have both approved the sentence, and appears to have directed that the sentence not actually be served. That the sentence had *already been served* at the time of action makes the convening authority's action all the less clear. If the convening authority's intent was to disapprove or commute some portion of the sentence–as authorized under Article 60–our only means of ensuring appellant's opportunity for that relief is to return the case to the convening authority.

When the action of a convening authority is incomplete, ambiguous, or contains clerical error, this court may instruct the convening authority who took the action to withdraw the original action and substitute a corrected action, R.C.M. 1107(g), and the convening authority shall modify the action accordingly. R.C.M. 1107(f)(2). *United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008).

We find that the convening authority's action is ambiguous as to whether the convening authority intended to approve the sentence as adjudged, or intended to grant clemency. Accordingly, we return the case for a new action to resolve the ambiguity. As the staff judge advocate's initial recommendation erroneously advised the convening authority that appellant was entitled to "judge ordered" credit, we will also direct a new SJAR, thereby ensuring appellant has the complete opportunity to submit R.C.M. 1105 matters anew.

## CONCLUSION

The convening authority's action, dated 13 August 2015, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court