# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39225**

———————————

**UNITED STATES**
*Appellee*

v.

**Todd J. DEL TORO**
First Lieutenant (O-2), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 27 April 2018

———————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Dismissal and confinement for 7 days. Sentence adjudged 30 November 2016 by GCM convened at Los Angeles Air Force Base, California.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

PER CURIAM:

A military judge convicted Appellant, consistent with his pleas pursuant to a pretrial agreement, of one specification of wrongfully using cocaine on divers occasions and two specifications of conduct unbecoming an officer and a gentleman, in violation of Articles 112a and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 933. A general court-martial composed of officers

sentenced Appellant to a dismissal and confinement for seven days. The convening authority approved the findings and the adjudged sentence.

Appellant's case was submitted to this court for review on its merits without any assignments of error. We find that the approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**. However, we note several errors that require correction.

The convening authority action, although signed and otherwise proper, is undated. The approximate date of the action may be discerned from other documents in the record, and the absence of the date has not impeded this court's review pursuant to Article 66, UCMJ, nor materially prejudiced a substantial right of Appellant. However, the date the convening authority takes action is significant for numerous reasons—for example, for ensuring the convening authority does not act before receiving matters submitted by an accused or crime victim, and for ensuring timely post-trial and appellate review. *See* Rule for Courts-Martial (R.C.M.) 1105; R.C.M. 1105a; *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006); *see also Manual for Courts-Martial, United States* (2016 ed.), App. 16, at A16–1 ("[T]he action should show . . . the date of the action."). Accordingly, we direct correction of the convening authority action in order to reflect the date the action was taken. *See* R.C.M. 1107(f)(2); *United States v. Mendoza*, 67 M.J. 53, 54–55 (C.A.A.F. 2008).

In addition, the court-martial order (CMO) contains multiple errors. First, the CMO incorrectly reflects Appellant pleaded not guilty to Charge I, although it correctly indicates he pleaded guilty to Specification 1 thereunder. Second, the CMO fails to capture the military judge's findings by exceptions and substitutions with respect to Specification 1 of Charge I. Specifically, as a consequence of information Appellant provided during the guilty plea inquiry, and with the express consent of Appellant and trial defense counsel, the military judge expanded the charged time frame by excepting the words "1 August 2014" and substituting therefor the words "1 April 2014." The military judge found Appellant not guilty of the excepted words and guilty of the substituted words, the modified specification, and the charge.[1] Finally, the CMO misspells

---

[1] The Report of Result of Trial prepared by trial counsel and attached to the staff judge advocate's recommendation to the convening authority similarly fails to document the military judge's findings by exceptions and substitutions. However, the Defense neither objected to nor commented on the error, and we find no colorable showing of possible prejudice resulting from it. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

"methylenedioxymethamphetamine," which is spelled correctly on the charge sheet. We direct the publication of a corrected CMO to remedy these errors.[2]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[2] We note the military judge failed to announce that the court was assembled. *See* R.C.M. 911 ("The military judge shall announce the assembly of the court-martial."). Assembly of the court-martial is significant for a variety of reasons. *See* R.C.M. 911, Discussion. In the present case, however, we find that the military judge's omission had no substantive effect upon the proceedings and was therefore harmless.