# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL T. RICHARDSON**
**United States Army, Appellant**

ARMY 20170225

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael P. Baileys, Acting Staff Judge Advocate (post-trial)

For Appellant: Major Brendan R. Cronin, JA; Captain Meghan E. Mahaney, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Captain Jonathan S. Reiner, JA (on brief).

28 November 2018

--------------------------------
SUMMARY DISPOSITION
--------------------------------

HAGLER, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of making a false official statement and of making indecent recordings on divers occasions, in violation of Articles 107 and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920c (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for four months.[1]

The case is before this court for review under Article 66, UCMJ. Appellant assigns one error: the convening authority erred in his post-trial action when he

---

[1] According to the action memorandum, the convening authority previously deferred the automatic forfeitures required by Article 58b, UCMJ, until he took action. At action on 7 June 2017, he waived the automatic forfeitures "until 20 July 2017."

stated he did not have the authority to approve appellant's clemency request. We agree and grant relief, as specified in our decretal paragraph.

In his post-trial Rule for Court-Martial (R.C.M.) 1105 submission, appellant requested, in part, that the convening authority reduce the adjudged confinement to one month.[2] In a memorandum accompanying his action, the convening authority stated, "I have considered specifically [appellant's] request to disapprove the reduction in rank, and reduce his sentence to confinement. IAW R.C.M. 1107(c)(1) I do not have the authority to approve the requested clemency." This statement betrays a misunderstanding of the convening authority's clemency powers, as they relate to the adjudged sentence in this case.[3]

In fact, R.C.M. 1107(d) gives the convening authority broad discretionary authority to act on the sentence, subject to certain limitations.[4] Here, he had the authority to disapprove all or part of the adjudged term of confinement, as appellant requested.

The parties agree, and we find, this error prejudiced appellant, as it effectively denied him a fair shot at clemency that was within the convening authority's power. We note the Staff Judge Advocate's post-trial recommendation (SJAR) made no mention of the convening authority's clemency powers or specifically, his authority to grant appellant's request. Thus, appellant had no way to know of—and object to—the convening authority's misunderstanding until after the sentence was approved.

In similar cases, we have declined to speculate on what the convening authority might have done had he understood the full reach of his clemency powers. *See, e.g., United States v. Spitale*, ARMY 20170128, 2018 CCA LEXIS 74 (Army

---

[2] Appellant also asked the convening authority to disapprove his *automatic* reduction in rank. On appeal, appellant stated he "does not argue that the convening authority erred in concluding that he could not approve clemency with respect to the automatic reduction in rank." We similarly find no error. *See* Article 58a, UCMJ. The convening authority might have disapproved an *adjudged* reduction in rank or forfeitures, but here, neither was adjudged by the court-martial.

[3] As appellant noted, the convening authority cited R.C.M. 1107(c)(1), instead of R.C.M. 1107(d)(1). We find this citation error had no practical effect, as neither provision supports the convening authority's erroneous, limited view of his clemency power in this case.

[4] For example, the convening authority cannot disapprove that portion of an adjudged sentence that includes a punitive discharge or confinement for more than six months, absent an exception under R.C.M. 1107(d)(1)(C).

Ct. Crim. App. 14 Feb. 2018) (summ. disp.). Often, we return such cases for a new action, but given the passage of time since appellant's conviction and the term of his confinement, we see no reason to further delay resolution of this case.[5]

## CONCLUSION

The findings of guilty are AFFIRMED.

Article 66(c) provides that this court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." After considering the entire record, including the convening authority's legal error, which eliminated any possibility of clemency as to confinement, we find it inappropriate to approve any confinement beyond what appellant requested in his clemency matters, and which the convening authority had the power to approve. Therefore, we affirm only one month of the adjudged confinement. The remainder of the sentence, to include the bad-conduct discharge, is also AFFIRMED.

All rights, privileges, and property, of which appellant has been deprived by virtue of the portion of his sentence set aside by our decision, are ordered restored.

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] Our superior court held in *United States v. Mendoza*: "A new, as opposed to a corrected, action requires a new [SJAR] under R.C.M. 1106 and the opportunity for the accused to submit additional matters under R.C.M. 1105." 67 M.J. 53, 55 (C.A.A.F. 2008). *See also United States v. Spitale*, ARMY 20170128, 2018 CCA LEXIS 426 (Army Ct. Crim. App. 16 Aug. 2018) (summ. disp. on further review).