# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39463 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Matthew C. SMITH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 October 2019

———————————

*Military Judge:* J. Wesley Moore (arraignment); Christina M. Jimenez.

*Approved sentence:* Dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 18 January 2018 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, LEWIS, and KEY, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

This case is before us for the second time. Previously, this court returned the record of trial to The Judge Advocate General for remand to the convening authority, in order to "withdraw the erroneous action and substitute a corrected action" that includes required language regarding confinement credit the military judge awarded pursuant to Rule for Courts-Martial (R.C.M.)

305(k).[1] *United States v. Smith*, No. ACM 39463, 2019 CCA LEXIS 307, at *8 (A.F. Ct. Crim. App. 12 Jul. 2019) (unpub. op.); *see* R.C.M. 1107(g) (regarding authority to direct substitution of erroneous action with corrected action). Appellant's case was redocketed with this court on 31 July 2019, and Appellant has not raised any additional issues for our consideration. However, we address one error arising from the correction of the action.

On 23 July 2019, the convening authority[2] signed a document entitled "Action of the Convening Authority" which included, *inter alia*, the following language:

> [T]he record of trial having been returned by the Air Force Court of Criminal Appeals with directions that *new action* be accomplished, the action taken by my predecessor on 23 April 2018 is withdrawn, and [the court-martial order] is corrected to reflect the following substitution for the original action: . . . .

(Emphasis added.) The language following the quote above is substantially similar to the language in the original action dated 23 April 2018, with the exception that the erroneously-omitted reference to confinement credit is inserted.

A "corrected action" is not a "new action." *See United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008). "When the action of a convening authority is 'incomplete, ambiguous, or contains clerical error,' a Court of Criminal Appeals may 'instruct[ ]' the convening authority who took the action 'to withdraw the original action and substitute a corrected action.'" *Id*. (quoting R.C.M. 1107(g)). In such cases, "the convening authority shall 'modify' the action accordingly." *Id*. (quoting R.C.M. 1107(f)(2)). The action so "modified" is the action originally taken which, as modified, continues in effect. In such cases, no new post-trial process is required. *See id*. at 53–54. A "new action," in contrast, does require a new post-trial process, including an opportunity for the defense to submit clemency matters to the convening authority. *Id*. (citing *United States v. Gosser*, 64 M.J. 93, 96–97 (C.A.A.F. 2006) (per curiam)).

In Appellant's case, this court directed a "corrected action" in accordance with R.C.M. 1107(g), not a "new action." Thus the convening authority's reference to this court directing a "new action" was incorrect. However, it is evident the convening authority in fact intended to implement a corrected action rather than a new action with the document he signed on 23 July 2019. The convening

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The individual who signed as the convening authority on 23 July 2019 was not the same individual who signed the original action on 23 April 2018.

authority states the original action is "withdrawn" and a "corrected" version is "substitut[ed]" in its place. This language matches the language of both R.C.M. 1107(g) and the decretal paragraph of our prior opinion. *See Smith*, unpub. op. at *8. Moreover, it is apparent no new post-trial process was undertaken.

We have considered whether it is appropriate to remand the record of trial to the convening authority once again to correct this apparent clerical error. In particular, we have considered, *inter alia*, the permissive rather than directive language regarding corrections pursuant to R.C.M. 1107(g); the absence of any defense objection to the corrected action; the non-substantial nature of the error and absence of any discernible prejudice to Appellant; and the interests of judicial economy. We conclude that under the circumstances of this case an additional remand is not required.

The findings and sentence were previously affirmed. No error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, our review pursuant to Article 66(c), UCMJ, is complete.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court