# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32550**

————————————

**UNITED STATES**
*Appellee*

v.

**Micheal W. ROBINSON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 March 2020

————————————

*Military Judge:* Thomas J. Alford.

*Approved sentence:* Bad-conduct discharge, confinement for 5 months, forfeiture of $1092.00 pay per month for 5 months, reduction to E-1, and a reprimand. Sentence adjudged 6 September 2018 by SpCM convened at Keesler Air Force Base, Mississippi.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge convicted Appellant, consistent with his pleas pursuant to a pretrial agreement (PTA), of one specification of failing to obey a lawful order; one specification of reckless driving; one specification of wrongfully using a controlled substance (heroin) on divers occasions; one specification of wrongfully using a controlled substance (cocaine); and one specification of wrongful

possession of drug paraphernalia, in violation of Articles 92, 111, 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 911, 912a, 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of $1092.00 pay per month for five months, reduction to the grade of E-1, and a reprimand. The convening authority approved the sentence as adjudged.[2]

The sole issue raised by Appellant on appeal is whether this court should remand his case and order the convening authority to substitute a corrected action and prepare a corrected court-martial order (CMO) because neither document stated the amount of pretrial confinement credit to which Appellant was entitled. The Government agrees that the action and CMO should be corrected. Finding no prejudicial error, we affirm the findings and sentence in this case but return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the incomplete action, substitute a corrected action that properly accounts for illegal pretrial confinement credit ordered by the military judge, and issue a corrected CMO.

## I. BACKGROUND

At trial, Appellant moved for appropriate relief requesting confinement credit based on the conditions of his pretrial confinement in a civilian confinement facility. Those conditions included, *inter alia*, being left with only one clean jumpsuit to wear, being restricted to his cell by himself for approximately 23 hours per day, being deprived of his prescription medications, and being housed with foreign nationals for some portion of his confinement. The military judge determined that Appellant was entitled to 56 days of confinement credit for violations of Articles 12 and 13, UCMJ, 10 U.S.C. §§ 812, 813. The 56 days of illegal pretrial confinement credit were in addition to the 40 days of *Allen*[3] credit which Appellant was credited for the actual number of days he spent in pretrial confinement. The Report of Result of Trial memorandum correctly stated the illegal pretrial confinement credit awarded by the military judge, as did the staff judge advocate's recommendation to the convening authority. However, the amount of illegal pretrial confinement credit is omitted in the initial action of the convening authority and the CMO.

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The adjudged sentence was less than the sentence limitation contained in the PTA.

[3] *United States v. Allen*, 17 M.J. 126, 128 (C.M.A. 1984).

In *United States v. Crawford,* the United States Court of Appeals for the Armed Forces (CAAF) held that if an appellant establishes a violation of Article 13, UCMJ, "then [Rule for Courts-Martial] 305(k) provides him additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances." 62 M.J. 411, 414 (C.A.A.F. 2006) (citations and internal quotation marks omitted). Accordingly, when a military judge orders credit for illegal pretrial confinement for a violation of Article 13, UCMJ, the credit shall be included in the convening authority's initial action. Rule for Courts-Martial (R.C.M.) 1107(f)(4)(F). "Because of the importance of the convening authority's action in the court-martial process," the CAAF requires it to be both "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006). We may instruct a convening authority to withdraw an incomplete, ambiguous, or erroneous action and substitute a corrected action.[4] R.C.M. 1107(g); *see also* R.C.M. 1107(f)(2).

The convening authority's action was incomplete because it omitted the illegal pretrial confinement credit ordered by the military judge, as required by R.C.M. 1107(f)(4)(F). Accordingly, we order a corrected action that states the amount of such confinement credit ordered by the military judge.

## II. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**. The record of trial is returned to The Judge Advocate General for remand to the convening authority to withdraw the incomplete action, substitute a corrected action, and issue a corrected CMO.[5]

---

[4] A "corrected action" ordered pursuant to R.C.M. 1107(g) is not a "new action" and unlike a new action does not require post-trial processing anew. *See United States v. Mendoza*, 67 M.J. 53, 54–55 (C.A.A.F. 2008).

[5] In addition, we note that the CMO contains a scrivener's error in that the word "Did" is included at the beginning of the Specification of Charge I and should be deleted in the corrected CMO.

Thereafter, the record of trial will be returned to this court for completion of appellate review in accordance with Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court